# United States Court of Appeals
### **For the First Circuit**

No. 20-1404

LISA M. O'ROURKE,

Plaintiff, Appellant,

v.

TIFFANY AND COMPANY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

---

Before

Kayatta, Selya, and Barron,
Circuit Judges.

---

Thomas More Dickinson, with whom Law Office of Thomas M. Dickinson and Kathleen M. Hagerty were on brief, for appellant.
Stacie B. Collier, with whom Aaron F. Nadich and Nixon Peabody LLP were on brief, for appellee.

---

February 11, 2021

---

**KAYATTA**, **Circuit Judge**.  In early 2014, Lisa O'Rourke took leave from Tiffany and Company under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2612, to undergo preventive surgery after learning that she was genetically predisposed to breast and ovarian cancer.  Later that year, from mid-July to mid-August, Tiffany allowed her to take a second leave for a related surgery even though she had exhausted her FMLA leave rights.  In October 2015, the following year, Tiffany's Vice President of Manufacturing, Wayne Howard, informed Tiffany's human resources department that he had decided to eliminate O'Rourke's position.  Two days later, O'Rourke told human resources that she intended to take FMLA leave in 2016.  In November 2015, after a series of internal discussions and consultations with counsel, Tiffany went forward with Howard's prior decision to eliminate O'Rourke's position.  As an alternative to termination, Tiffany offered O'Rourke a newly created, lower-level position with a lower salary. O'Rourke declined the new position, and Tiffany terminated her employment.

O'Rourke filed suit, alleging retaliation in violation of the FMLA, 29 U.S.C. § 2615(a), and disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Rhode Island Fair Employment Practices

Act, R.I. Gen. Laws § 28-5-7.[1]  The district court granted summary judgment in favor of Tiffany.  After carefully considering on de novo review the record and briefs on appeal, as well as oral argument by counsel, we affirm for substantially the same reasons as those stated by the district court.  See O'Rourke v. Tiffany & Co., C.A. No. 16-626 WES, 2020 WL 1492865 (D.R.I. Mar. 27, 2020).

The record contains no evidence that, when Howard decided to eliminate O'Rourke's position, he thought of her as impaired in any way or knew of her plan to take any leave in 2016.  The lack of such knowledge precludes any claim of disability discrimination or of FMLA retaliation due to her planned 2016 leave.  See Tennial v. United Parcel Serv., Inc., 840 F.3d 292, 306 (6th Cir. 2016) ("An employee cannot be subject to an adverse employment action based on his disability unless the individual decisionmaker responsible for [that adverse action] has knowledge of that disability."); Ameen v. Amphenol Printed Circuits, Inc., 777 F.3d 63, 70 (1st Cir. 2015) (holding that a plaintiff "must show that the retaliator knew" about his FMLA-protected activity "[t]o demonstrate that he was fired in retaliation" for that activity (first quoting Medina-Rivera v. MVM, Inc., 713 F.3d 132, 139 (1st Cir. 2013))).

---

[1]  Claims brought under the ADA and the Rhode Island statute are generally analogous, so we analyze them as one.  See Pena v. Honeywell Int'l, Inc., 923 F.3d 18, 27 n.6 (1st Cir. 2019).

O'Rourke tries to argue that it was her prior, 2014 FMLA leave that motivated Howard to eliminate her position more than a year later. But, as the district court well explained, no reasonable jury could have so found. See O'Rourke, 2020 WL 1492865, at *9-11; see also Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 175 (1st Cir. 2003) (rejecting a retaliation claim where the employee's protected conduct occurred "more than one year" before his termination). While O'Rourke asserts that Howard demonstrated a retaliatory animus when he referred to her second (non-FMLA) leave as "unfortunate," the context of Howard's comment belies that contention. Howard's boss had emailed him asking whether he supported a proposed merit bonus and pay increase for O'Rourke, and Howard replied in relevant part:

> I haven[]'t worked with [O'Rourke] yet, but based on what we have seen with planning, and the recent quick turnover of [one of O'Rourke's new hires], there are issues in my mind. However, I wasn't here in 2013 so I don't want to be unfair, and [I] planned to evaluate her performance over the next few months. Unfortunately, I heard last week that she will be out again in July for up to 6 weeks. So, my thought was to sign the [bonus and pay increase] forms and speak to [her direct supervisor] about carefully evaluating her performance.

O'Rourke then received her bonus and pay increase, took her second leave, and returned to work without incident. Given this context, we see in Howard's email no implication of retaliatory animus.

- 4 -

O'Rourke also suggests that Howard began retaliating against her when he decided to reorganize her department in 2014, ultimately leading to her termination in 2015. However, she points to no admissible evidence that the 2014 reorganization was motivated by discriminatory or retaliatory animus, and she is unable to rebut Howard's testimony that the reorganization was intended to address longstanding issues with the planning function in her department. As such, she has not met her burden of demonstrating "a trialworthy issue" on whether Howard's stated reason for the reorganization "was but a pretext for retaliating against her for having taken protected FMLA leave." Henry v. United Bank, 686 F.3d 50, 56 (1st Cir. 2012).

Finally, O'Rourke makes much of the fact that Tiffany's human resources department consulted counsel after learning of Howard's decision to eliminate her position and of her plan to take FMLA leave in 2016. But the chronology of these events defeats any inference of retaliation. And, in any event, "the prudent step of seeking a lawyer's advice is not the stuff on which a finding of [retaliatory] intent can be premised." Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 68 (1st Cir. 2008).

We therefore affirm the judgment of the district court.